Artur **GABRIELYAN**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–73182.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 15, 2006.

Aris Artounians, Law Office of Aris Artounians, Glendale, CA, for Petitioner.

District Director, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before LEAVY, GOULD and CLIFTON, Circuit Judges.

MEMORANDUM **

Artur Gabrielyan, a native of Russia and citizen of Armenia, petitions for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir. 2004), and deny the petition for review.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The IJ did not make an express adverse credibility finding, so we accept Gabriel-yan's testimony as true. *See Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000). Gabrielyan failed to demonstrate that either of the attacks he suffered during his military service was based on anything other than purely personal retribution, "completely untethered to a governmental system." *See Grava v. INS*, 205 F.3d 1177, 1181 n. 3 (9th Cir.2000). Gabrielyan also did not establish that the April 2002 attack was anything more than a random criminal act. *See Gormley*, 364 F.3d at 1177. Further, even if Gabrielyan's two-day detention in March of 2002 was based on his political opinion, the IJ's determination that Gabrielyan failed to demonstrate that this mistreatment rose to the level of persecution is supported by substantial evidence. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (persecution must be "extreme" treatment).

Finally, substantial evidence supports the IJ's determination that Gabrielyan did not demonstrate a well-founded fear of future persecution. *See Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000) (holding that an applicant must provide credible, direct, and specific evidence to satisfy the objective component of a well-founded fear of future persecution claim).

Because Gabrielyan failed to demonstrate he was eligible for asylum, it follows he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Gabrielyan's contention that the BIA's streamlined decision indicates the BIA did not consider his CAT claim is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–57 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**